UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GM NAMEPLATE, INC.,

    Plaintiff,

v.                                           Case No.: 8:09-MC-111-T-30EAJ

AXIOM WORLDWIDE, LLC,

    Defendant,

and

REGIONS BANK, N.A. and
SUNTRUST BANK, N.A.

    Garnishees.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Entry of Final Judgment of Garnishment as to the Bank Accounts Being Held Pursuant to Writ of Garnishment and Notice of Abandonment of the Safe Deposit Boxes Held by Regions Bank** (Dkt. 28). Garnishee Regions Bank, N.A.'s response to the motion was due on April 13, 2010. No response was filed and Regions Bank, N.A. is thus deemed to have no objection to the relief Plaintiff seeks. See Local Rule 3.01(b), M.D. Fla.

The court granted Plaintiff's request for a writ of garnishment against Regions Bank, N.A. In its answer, Regions Bank reported that Defendant held two bank accounts with balances of $607.66 and $2,351.77.

Plaintiff therefore seeks entry of a final judgment of garnishment against Regions Bank, N.A. in the sum of $2,959.43. Plaintiff also notifies the court that it abandons its interest in Defendant's

safe deposit boxes held by Regions Bank, N.A.[1]

Accordingly, it is **RECOMMENDED** that:

(1)  Plaintiff's motion (Dkt. 28) be **GRANTED**;

(2)  Plaintiff be relieved of the obligation to file an inventory of the contents of the safe deposit boxes with the court (see Dkt. 26 at 2); and

(3)  The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Garnishee Regions Bank, N.A. in the amount of $2,959.43.

**Dated: April 14 , 2010.**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attaching the factual findings on appeal.  See 28 U.S.C. 636(b)(1).

---

[1] At the end of its motion, Plaintiff asks the court to "enter a Break Order and Allow the taking of an Inventory of the contents of the garnished Safe Deposit Boxes" (Dkt. 28 at 2).  This is a clear typographical error as the court has already granted Plaintiff this relief (see Dkt. 26).  Elsewhere in its motion, Plaintiff states its intent to abandon its interest in the safe deposit boxes.